United States District Court
Southern District of Texas
**ENTERED**
February 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Darrell Kossie,<br>    Petitioner, | § § § |
| v. | §    Civil Action H-21-381 |
| Bobby Lumpkin,<br>Director, Texas Department<br>of Criminal Justice, Correctional<br>Institutions Division,<br>    Respondent. | § § § § § § § |

# Report and Recommendation

Darrell Kossie, a prisoner in custody of the Texas Department of Criminal Justice (TDCJ), filed a petition for writ of habeas corpus. (D.E. 1.) Kossie seeks relief from his 2004 state court judgment of conviction and sentence and from a prison disciplinary proceeding.

To the extent that Kossie raises issues relating to his conviction, the petition for writ of habeas corpus is successive. "A petition is successive when it 'raises a claim . . . that was or could have been raised in an earlier petition . . . .'" *In re Robinson*, 917 F.3d 856, 862 (5th Cir. 2019) (alteration in original) (quoting *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017)). Kossie has already sought federal relief from his 2004 state conviction. *See* Memorandum Opinion and Order Dismissing Petition, *Kossie v. Davis*, No. H-20-1001 (S.D. Tex. Apr. 17, 2020), ECF No. 6; Memorandum on Dismissal, *Kossie v. Davis*, No. H-17-3571 (S.D. Tex. Nov. 28, 2017), ECF No. 16; *Kossie v. Stephens*, No. 4:13-CV-2900, 2014 WL 1875822 (S.D. Tex. May 9, 2014); Order on Dismissal, *Kossie v. Stephens*, No. H-13-2341 (S.D. Tex. Aug. 14, 2013), ECF No. 3; *Kossie v. Thaler*, No. CIV.A. H-12-3780, 2013 WL 1003505 (S.D. Tex. Mar. 13, 2013); Memorandum and opinion, *Kossie v. Thaler*, No. H-12-3194 (S.D. Tex. Jan. 15, 2013), ECF No. 8.

Kossie's current petition includes only claims that could have been raised in any one of his earlier petitions. The portion of his petition that seeks relief from the judgment of conviction is successive.

Before a petitioner files a successive petition for writ of habeas corpus, they must obtain authorization from the court of appeals. 28 U.S.C. § 2244(b)(3). Kossie has not shown that the United States Court of Appeals for the Fifth Circuit has authorized the filing of his successive petition. District courts have no jurisdiction over unauthorized successive habeas petitions. *Duckett v. Davis*, 800 F. App'x 289, 290 (5th Cir. 2020). Courts maintain discretion to either dismiss a successive petition or transfer it to the Fifth Circuit for authorization if such transfer is in the interest of justice. *In re Wilson*, 442 F.3d 872, 874 n.3 (5th Cir. 2006). In this case, the court finds that a transfer is not in the interest of justice. The court thus recommends that Kossie's claims pertaining to his conviction and sentence be dismissed without prejudice as an unauthorized successive petition under 28 U.S.C. § 2244(b).

To the extent that Kossie seeks relief from a disciplinary proceeding, the court is unable to determine the nature of Kossie's claims based on the current petition. Kossie is ordered to refile his petition by placing it in the prison mail system no later than March 11, 2021. A form for the petition is attached.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of

factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on February 9, 2021.

_____
Peter Bray
United States Magistrate Judge